IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| PATRICK JOSEPH CHAREST, etc., ) ) ) Plaintiff, ) ) v. ) ) ) BOB RILEY, etc., et al., ) ) Defendants. ) | CIVIL ACTION NO. 2:10cv51-MHT (WO) |

AMENDED ORDER

It is ORDERED that plaintiff's objection (doc. no. 13) is overruled and plaintiff's request for transfer (doc. no. 13) is denied.

In accordance with the provisions of 28 U.S.C. § 1915, the court granted the plaintiff leave to proceed in forma pauperis and allowed him to litigate this cause of action without prepayment of either the entire filing fee or an initial partial filing fee. Order of January 26, 2010 (Doc. No. 4), at 1. "Notwithstanding [the foregoing], if a prisoner brings a civil action or files

an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1).  Thus, "under the provisions of ... § 1915(b)(1), this court [assessed payment of the $ 350.00 filing fee and ordered collection of such fee from those monies which become available to the plaintiff at a rate of] 20 per cent of each preceding month's income ... each time the amount in [the plaintiff's] account exceeds $ 10.00."  Order of January 26, 2010 (Doc. No. 4), at 2.  The plaintiff appears to argue that, due to the assessment of the filing fee, this court must allow transfer of this case to the United States District Court for the Northern District of Alabama with respect to those claims that could be construed as challenging prison conditions to which he is currently subjected at the Limestone Correctional Facility.  This assertion, however, is without merit.  The instant complaint lacks specific claims regarding the plaintiff's current confinement, and none of the defendants named in

the complaint is personally responsible for such conditions; rather, they are named as parties only because of their supervisory positions. Transfer of a civil action is not mandatory and may be undertaken solely at this court's discretion when such action is in the interest of justice. 28 U.S.C. § 1404(a). Under the circumstances of this case, the court finds that transfer of claims to the United States District Court for the Northern District of Alabama is not in the interest of justice.

DONE, this the 19th day of March, 2010.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**